## Cecil v. Cecil.

February 18, 1947.

Ira D. Smith, Judge.

R. Hall Hood for appellant.

T. W. Crawford for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Joseph Cecil and Pauline Cecil were married in 1937. Their first child, Ramona, was born in 1938. In October 1941, Mrs. Cecil gave birth to a second child, Donna. According to Mr. Cecil's testimony, the couple

did not live together as man and wife after the summer of 1940. In October 1940, Mrs. Cecil left their home in Louisville and stayed away until the early part of 1941. According to her testimony, which is supported by that of her sister, she lived with Mr. Cecil for several weeks after her return to Louisville, but did not live with him after April of that year. During the summer of 1945 Mrs. Cecil was granted a divorce and was awarded the custody of the two children. Mr. Cecil was directed to pay $40 a month for the upkeep of the children. That action was not contested by the appellant. In November 1945, he sought to have the judgment in the divorce action modified on the grounds that Donna was not his child and that he should be awarded the custody of Ramona, because Mrs. Cecil was not a suitable person to have her care and custody.

The testimony for the appellant was to the effect that Mrs. Cecil had had illicit relations with several men while she was living with him, and that she left Louisville in October 1940 in company with another man and stayed with him several weeks. Some of the witnesses testified that Mrs. Cecil boasted of her affairs with other men. On the other hand, Mrs. Cecil denied the charge of illicit relations. She said that she and Mr. Cecil had sexual relations until she left Louisville in April 1941. Shortly after the birth of the second child Mr. Cecil visited Mrs. Cecil in Evansville. He did not question the legitimacy of the child at that time, and, as we have noted, the question was not raised during the divorce proceeding.

Unquestionably, the appellant and his witnesses have painted a rather sordid picture of Mrs. Cecil's alleged misconduct, but the chancellor whose judgment we always respect, had the advantage of seeing the witnesses and hearing them testify. Furthermore, the record contains no satisfactory explanation of why Mr. Cecil waited some four years before questioning the legitimacy of the child Donna, though he did say that he remained silent because of fear of embarrassment to the older child.

As pointed out in the recent case of Moore v. Moore, 301 Ky. 14, 190 S. W. 2d 689, it takes a higher degree of proof to bastardize a child than is required to convict a person of a criminal offense. Naturally, courts always

carefully scrutinize proceedings involving such a question because of the welfare of the child. Our minds are not free from doubt in this case, but, as we have indicated, we know the chancellor to be a sincere, fair and conscientious man, and, because of the facts and circumstances heretofore noted, we have concluded that his judgment should be and it is affirmed.